IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-cv-00046-BO-RJ

ANGELA D. BOONE,
    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,
    Defendant.

O R D E R

This cause comes before the Court on Defendant Equifax's motion to dismiss for improper venue [DE 34], and Plaintiff Boone's motion to compel a litigation schedule [DE 29].

## BACKGROUND

On April 5, 2022, Plaintiff Boone filed an application for financing the purchase of a 2018 Honda Accord with Land Rover Mt. Kisco, a car dealership located in New York [DE 1 at 5]. A financing decision was made based on Plaintiff's credit score.

In November 2022, Plaintiff received a communication from Chase Auto Finance, a Louisiana company, informing her that Equifax, a Georgia company, had misreported her credit score as 492 when it should in fact have been 600 [DE 1-1]. As a result of this misreporting, Plaintiff alleges that she suffered damages including additional application fees, a higher down payment, a higher monthly payment, and the requiring of a co-signer on the financing agreement [DE 1 at 6].

On August 16, 2023, Plaintiff Boone filed suit against Defendant Equifax alleging negligence and a violation of the Fair Credit Reporting Act (FCRA) [DE 1 at 6]. Defendant Equifax has moved to dismiss the complaint, claiming that Plaintiff's negligence claim is preempted by the Fair Credit Reporting Act and that venue is improper in the Eastern District of North Carolina.

ANALYSIS

I.  **Motion to Dismiss for Improper Venue [DE 34]**

Proper venue is defined by 28 U.S.C. § 1391(b). Venue is appropriate in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," § 1391(b)(1), "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," § 1391(b)(2), or "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," § 1391(b)(3).

Defendant Equifax argues that § 1391(b)(1) is inapplicable because Chase Auto Financing is a Louisiana company, Equifax Information Services is a Georgia company, and Land Rover Mt. Kisco is a New York car dealership. This is correct, as no defendant resides in North Carolina, and the plaintiff does not contest it [DE 36 at 1].

Defendant Equifax further argues that § 1391(b)(3) is inapplicable because venue would otherwise be proper in Louisiana, Georgia, or New York. This is correct, and the plaintiff does not contest it [DE 36 at 1]. *Hubbard v. Eitan Grp. N. Am.*, 669 F. Supp. 3d 538, 550 (E.D.N.C. 2023) ("Because venue is proper [elsewhere] under section 1391(b)(1) and (2), venue cannot be proper [in North Carolina] under subsection (3)").

Finally, Defendant Equifax argues that § 1391(b)(2) is inapplicable because the events that took place in North Carolina—here, Plaintiff's application for and agreeing to a financing agreement—were not a "substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). This, the plaintiff rightly contests. In particular, the plaintiff argues that she resides in North Carolina, that "[t]he damages I suffered due to Equifax's erroneous credit

2

reporting... all occurred while I resided in North Carolina," and that "the transaction involving the signing and purchase of the vehicle financing agreement occurred in North Carolina" [DE 36 at 1].

When assessing whether an act or omission substantially gave rise to the claim at issue, the Court must consider "the entire sequence of events underlying the claim" and "should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). Residence in a state, standing alone, "does not suffice to conclude that a substantial part of the events or omissions giving rise to [her] claims occurred in North Carolina." *Hubbard*, 669 F. Supp. 3d at 550.

Here, the act of applying for and agreeing to a financing agreement is not simply a substantial *part* of the events that gave rise to the claim—it is the *entire* event that gave rise to the claim. Considering the complete sequence of events, Plaintiff has alleged beginning a financing application inside of North Carolina, an error being made outside of North Carolina, and then finalizing the financing agreement with a deficient and harmful result inside of North Carolina. This story begins and ends in North Carolina. The plaintiff must only make a *prima facie* showing of venue, *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012), and that showing has been made here. Venue is proper in the Eastern District of North Carolina, and Plaintiff Boone's complaint will not be dismissed on this ground.

## II. Motion to Dismiss Plaintiff's Negligence Claim [DE 34]

Separately, Defendant Equifax has moved to dismiss Plaintiff Boone's negligence claim as preempted by the Fair Credit Reporting Act. Specifically, 15 U.S.C. § 1681h(e) provides that:

> "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency... based on information disclosed pursuant to section 1681g, 1681h, or 1681m of

3

this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer."

This section of the FCRA "provides a general bar on [negligence] actions and the only exception to this bar is a narrow one, requiring proof of 'malice or willful intent to injure the consumer.'" *Sanders v. Bank of America*, 2016 WL 4998290, at *4 (N.D. W.Va. 2016) (citing *Ross v. F.D.I.C.*, 625 F.3d 808, 814 (4th Cir. 2010)). Here, the plaintiff has not alleged facts tending to show that Equifax's inaccurate credit reporting was motivated by malice. When reading the complaint, the Court is mindful of the fact that "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff's complaint does not show malice at all—to the contrary, it indicates that Equifax appraised its partners of the error once it became aware of it and provided a corrected credit score [DE 1-1]. As such, plaintiff's negligence claim is preempted by the FCRA and dismissal of the claim is proper.

### III.    Motion to Compel Litigation Schedule [DE 29]

Also pending is Plaintiff Boone's motion to compel the defendant to answer and to set a litigation schedule [DE 29], as Defendant Equifax had previously filed six motions requesting an extension of time to answer [DE 13, 19, 24, 25, 26, 28]. At the time Plaintiff filed her motion to compel, a motion to transfer this case to the Northern District of Georgia [DE 16], filed by Defendant Equifax, was pending before the Court.

4

On August 22, 2024, this Court denied defendant's motion to transfer [DE 33] and, accordingly, denied the pending motions requesting an extension of time to answer. After the motion to transfer was denied, Equifax timely responded [DE 34]. These actions have rendered plaintiff's present motion to compel the defendant to answer moot. The plaintiff may file a second motion to compel should improper delays appear during the process of discovery and litigation.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [DE 34] is GRANTED IN PART and DENIED IN PART. Plaintiff's negligence claim, being preempted by the Fair Credit Reporting Act, is DISMISSED. Venue being proper in the Eastern District of North Carolina, Plaintiff's Fair Credit Reporting Act claim may proceed.

Plaintiff's motion to compel a litigation schedule [DE 29] is DENIED AS MOOT.

SO ORDERED, this **3** day of January 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE